# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

State Farm Mutual Automobile
Insurance Company,

        Plaintiff,                               Case No. 1:20-cv-00959

        v.                                        Judge Michael R. Barrett

Ohio Feather Company, *et al.*,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, to Transfer. (Doc. 4). Plaintiff filed a memorandum contra (Doc. 8),[1] to which Defendants replied (Doc. 10). As discussed below, because the Court finds that it lacks jurisdiction over one of the Defendants, who is an indispensable party, the Motion to Dismiss will be GRANTED as to all Defendants.

## I. BACKGROUND

Defendants Gabriel and Regina Guigui are a married couple in their seventies. (Regina Guigui Decl., Doc. 4-1 (¶¶ 2–3); Gabriel Guigui Decl., Doc. 4-2 (¶¶ 1–2)). They jointly own Defendant Ohio Feather Company, an "S" corporation based in Cincinnati, Ohio. (Regina Guigui Decl., Doc. 4-1 (¶¶ 6, 14); Gabriel Guigui Decl., Doc. 4-2 (¶¶ 4–5)). In 2005, the Guiguis semi-retired and moved from Cincinnati to Mount Pleasant, South Carolina. (Regina Guigui Decl., Doc. 4-1 (¶¶ 4, 10); Gabriel Guigui Decl., Doc. 4-

---

[1] Plaintiff's memorandum fails to address Defendants' alternative motion to transfer.

1

2 (¶ 3)). They receive mail at their South Carolina home and are licensed to drive and registered to vote in South Carolina. (Regina Guigui Decl., Doc. 4-1 (¶ 5)). The parties agree that the Guiguis are citizens of South Carolina.[2]

Despite being semi-retired, Mr. Guigui remains as president, and Mrs. Guigui as corporate secretary, of Ohio Feather Company. (Regina Guigui Decl., Doc. 4-1 (¶ 14); *see* Complaint, Doc. 1 (¶ 9), Gabriel Guigui Decl., Doc. 4-2 (¶ 7)).

While still living in Cincinnati, Mr. Guigui, "doing business as" Ohio Feather Company, insured a 2001 BMW 525i through an auto liability policy issued by State Farm Mutual Automobile Insurance Company ("State Farm") in Ohio. (Regina Guigui Decl., Doc. 4-1 (¶¶ 7–8); Gabriel Guigui Decl., Doc. 4-2 (¶¶ 6–7)). The Guiguis brought that vehicle with them to South Carolina in 2005. (Regina Guigui Decl., Doc. 4-1 (¶¶ 7–8, 11); Gabriel Guigui Decl., Doc. 4-2 (¶ 8); Complaint, Doc. 1 (¶ 23)). While principally garaged in South Carolina, the BMW remains registered in Ohio and Mr. Guigui renews this auto liability policy every six months through the same Ohio agent from whom he bought the policy.[3] (Regina Guigui Decl., Doc. 4-1 (¶ 11); Gabriel Guigui Decl., Doc. 4-2 (¶¶ 8–11); Complaint, Doc. 1 (¶¶ 19–24)).

---

[2] (*See* Complaint, Doc. 1 (¶ 5) ("Defendants Gabriel Guigui and Regina Guigui are presently citizens of the state of South Carolina.")).

[3] State Farm attaches to its memorandum contra the renewal notice for November 10, 2020. (Doc. 8-1). It is addressed to Gabriel Guigui (DBA Ohio Feather Company), 1 Kovach Drive, Cincinnati, Ohio 45215. (*Id.* PAGEID 123). It lists George Meinberg, 9400 Main Street, Unit 1, Cincinnati, Ohio 45242, as the State Farm agent. (*Id.*). Gabriel Guigui is listed as the "insured"; Regina Guigui is listed as the "principal driver". (*Id.*). With leave of Court (Docs. 11, 12), State Farm later filed the six-month renewal notices for the policy in question for the period May 10, 2015 through May 10, 2020. (*See* Doc. 13).

2

On November 23, 2019, Mr. and Mrs. Guigui were involved in a motor vehicle accident occurring in Laurens County, South Carolina.  (Complaint, Doc. 1 (¶ 12); Regina Guigui Decl., Doc. 4-1 (¶ 22); *see* Gabriel Guigui Decl., Doc. 4-2 (¶¶ 11, 13)).  Mr. Guigui was driving—and Mrs. Guigui was a front seat passenger in—an Infinity automobile owned by them that was registered in South Carolina.  (Complaint, Doc. 1 (¶15); Regina Guigui Decl., Doc. 4-1 (¶ 23)).  The Infinity automobile was insured through an auto liability insurance policy issued by State Farm in South Carolina, with uninsured ("UI")/underinsured ("UIM") motorist benefits limited to $250,000 for "each person" and $500,000 for "each accident."  (Complaint, Doc. 1 (¶ 16)).

Mrs. Guigui sustained more serious injuries than Mr. Guigui in the accident.  (Regina Guigui Decl., Doc. 4-1 (¶¶ 25–27, 30–32); Gabriel Guigui Decl., Doc. 4-2 (¶¶ 13–14); *see* Complaint, Doc. 1 (¶ 13)).  Mrs. Guigui settled her bodily injury claim with the other driver for the $50,000 limit of liability insurance available to that driver, as did Mr. Guigui.  (Regina Guigui Decl., Doc. 4-1 (¶ 28); Gabriel Guigui Decl., Doc. 4-2 (¶ 15); Complaint, Doc. 1 (¶ 14)).  Mrs. Guigui also received the maximum $250,000 in UIM benefits from the State Farm policy on the Infinity automobile, with Mr. Guigui receiving $50,000.  (Regina Guigui Decl., Doc. 4-1 (¶ 28); Gabriel Guigui Decl., Doc. 4-2 (¶ 15); *see* Complaint, Doc. 1 (¶ 17)).

Mrs. Guigui seeks an additional $250,000 in UIM benefits from the State Farm policy on the BMW.  (Regina Guigui Decl., Doc. 4-1 (¶ 29)).  In other words, she wishes to "stack" the $250,000 UIM coverage from the policy issued to Ohio Feather Company on the BMW on top of the $250,000 UIM coverage under the South Carolina policy

3

issued on the Infinity. (*See* Complaint, Doc. 1 (¶ 29)). Mr. Guigui is not pursuing any UIM proceeds from the policy on the BMW. (Gabriel Guigui Decl., Doc. 4-2 (¶ 16)).[4]

Plaintiff State Farm asks this Court for a declaratory judgment regarding the auto liability policy it issued in Ohio as to the BMW. Among other things, it asks the Court to affirm that Ohio law applies to the interpretation of the policy; to declare that the Guiguis do not qualify as insureds under the policy for the accident in question; and to declare that the Guiguis are not entitled to "stack" the UM/UIM coverage contained within the policy. (*See* Complaint, Doc. 1 (¶ 41)).[5] State Farm names Ohio Feather Company, Gabriel Guigui, and Regina Guigui as Defendants. It maintains that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity between the parties and the amount in controversy is satisfied. (*See id.* (¶¶ 2–6)).

Mrs. Guigui moves to dismiss the claims against her pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Ohio Feather Company and Mr. Guigui join in

---

[4] In light of Mr. Guigui's sworn statement, State Farm's mention of his "potential" claim for loss of consortium as Mrs. Guigui's spouse (*see* Doc. 8 PAGEID 113) is irrelevant.

[5] *See* S.C. Code Ann. § 38-61-10 ("**All contracts of insurance on property**, lives, or interests **in the State are considered to be made in the State** and all contracts of insurance the applications for which are taken within the State are considered to have been made within this State and are subject to the laws of this State.") (emphasis added). "[U]nder this statute **it is immaterial where the contract was entered into**. Further there is **no requirement that the policyholders or insurers be citizens of South Carolina**. **What is solely relevant is where the property**, lives, or interests **insured are located**." *Sangamo Weston, Inc. v. Nat'l Sur. Corp.*, 414 S.E.2d 127, 130 (S.C. 1992) (emphasis added). Because the BMW has been principally garaged in South Carolina for more than 15 years, Defendants argue that South Carolina law governs the policy of insurance on the BMW. (*See* Doc. 4 PAGEID 80). Defendants further argue that, under South Carolina law, as Mr. Guigui's spouse, Mrs. Guigui is a "Class I" insured under the policy and entitled to "stack" UIM coverage. (*Id.* PAGEID 81 (citing *State Farm Mut. Auto Ins. Co. v. Windham*, 850 S.E.2d 633, 639–40 (S.C. Ct. App. 2020))).

There appears to be no dispute that, under Ohio law, Mrs. Guigui could not "stack" the UIM benefits from the BMW policy on top of the UIM benefits from the Infinity policy.

the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7),[6] maintaining that Mrs. Guigui is an indispensable party pursuant to Fed. R. Civ. P. 19 such that dismissal of the claims against her will require dismissal of the claims against all Defendants. Alternatively, Defendants ask the Court—should it find it has personal jurisdiction over Mrs. Guigui—to transfer this civil action to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1404(a).[7] Defendants do not seek transfer under 28 U.S.C. § 1406(a)[8] or 28 U.S.C. § 1631[9].

## II. LAW AND ANALYSIS

**Personal Jurisdiction Standard.** Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may seek dismissal if the court lacks personal jurisdiction over that defendant. "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). In the

---

[6] A party may assert the defense of "failure to join a party under Rule 19" by motion. *See* Fed. R. Civ. P. 12(b)(7).

[7] "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). "The purpose of this provision is to transfer actions brought in a permissible yet inconvenient forum." *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 483 (6th Cir. 2009) (citing *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980)).

[8] "The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a); *see MLP Tech., Inc. v. LifeMed ID, Inc.*, No. 5:13-cv-00909, 2013 WL 6243943, at *5 (N.D. Ohio Dec. 3, 2013) ("A 'district court need not have personal jurisdiction over defendants before transferring pursuant to this section.'" (quoting *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, (6th Cir. 2009) (citation omitted))).

[9] When a court "finds that there is a want of jurisdiction, [it] shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ." 28 U.S.C. § 1631. Both § 1406(a) and § 1631 are "similar provision[s]" that "confer broad discretion [upon the district court] in ruling on a motion to transfer." *Jackson*, 421 Fed. App'x at 483-84 (quoting *Stanifer v. Brannan*, 564 F.3d 455, 456-57 (6th Cir. 2009)).

face of a supported motion to dismiss, the plaintiff may not rest on its pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)). When a court considers a motion to dismiss pursuant to Rule 12(b)(2) without an evidentiary hearing, as the Court does here, it must consider the pleadings and affidavits in the light most favorable to the plaintiff. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). In such an instance, the plaintiff "'need only make a prima facie showing of jurisdiction.'" *Bird*, 289 F.3d at 871 (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)). And the court may not weigh "the controverting assertions of the party seeking dismissal." *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017) (quoting *Theunissen*, 935 F.2d at 1459).[10]

"Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." *Bird*, 289 F.3d at 873 (citing *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (1992)); *see Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (summarizing prior decisions as "recognizing two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction.") (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "General jurisdiction is proper only where 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction

---

[10] "We adopted this rule . . . in order to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts[.]" *Theunissen*, 935 F.2d at 1459.

over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Bird*, 289 F.3d at 873 (quoting *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). As recently described by the Supreme Court, "[a] state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State." *Ford Motor Co.*, 141 S. Ct. at 1024 (citing *Goodyear*, 564 U.S. at 919)).[11]

"Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Id.* at 1024. "The contacts needed for this kind of jurisdiction often go by the name 'purposeful availment.'" *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Yet even then—because the defendant is not 'at home'—the forum State may exercise jurisdiction in only certain cases." *Id.* at 1025. That is, "[t]he plaintiff's claims 'must arise out of or relate to the defendant's contacts' with the forum." *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (but omitting alterations))); *see Bird*, 289 F.3d at 874 (specific jurisdiction proper only "in a suit arising out of or related to the

---

[11] State Farm does not argue that this Court has general personal jurisdiction over Mrs. Guigui. Rather, both sides frame the issue solely in terms of specific personal jurisdiction. (Doc. 4 PAGEID 83–91; Doc. 8 PAGEID 114–19).

Of note and as will be discussed further, *see infra* n.12, a previous version of Ohio's long-arm statute provided that a court could exercise personal jurisdiction over a non-resident defendant under one (or more) of nine circumstances. *See Schneider*, 669 F.3d at 699. Numerous courts, in turn, construed the statute "as foreclosing general jurisdiction[.]" *Premier Prop. Sales Ltd. v. Gospel Ministries Int'l, Inc.*, No. 3:21-cv-14, --- F. Supp. 3d ---, 2021 WL 1964613, at *2 n.2 (S.D. Ohio May 17, 2021) (citing *Conn v. Zakharov*, 667 F.3d 705, 717 (6th Cir. 2012) ("Ohio law does not appear to recognize general jurisdiction over non-resident defendants, but instead requires that the court find specific jurisdiction under one of the bases of jurisdiction listed in Ohio's long-arm statute.")). As amended, however, the long-arm statute no longer appears to preclude general jurisdiction where a non-resident defendant's "continuous and systematic" contact with Ohio renders it "at home" in the State. *See id.*

7

defendant's contacts with the forum.") (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

"A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) (citation omitted)). "Under Ohio law, personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute[12] confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) (citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St. 3d 81, 930 N.E.2d 784, 790, at ¶ 28 (2010)); *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 235, 638 N.E.2d 541, 543 (1994)). "Of course, if jurisdiction is not proper under the Due Process Clause it is unnecessary to analyze jurisdiction under the state long-arm statute, and vice-versa." *Id.* at 711–12 (citing, *inter*

---

[12] The Ohio General Assembly amended the long-arm statute, effective December 16, 2020, "to expand the basis of a court's exercise of personal jurisdiction to include any basis consistent with the Ohio Constitution and the United States Constitution[.]" https://www.legislature.ohio.gov/legislation/legislation-summary?id=GA133-HB-272 (last visited 12/28/2021). So revised, the long-arm statute now permits "general jurisdiction over non-resident defendants where it was not recognized before." *Premier Prop.*, 2021 WL 1964613, at *2 n.2 (citing 2020 Ohio Laws File 44 (Am. H.B. 272)). But because the General Assembly did not expressly indicate that the amendment was to apply retroactively, it applies prospectively only. *See* Ohio Rev. Code § 1.48 ("A statute is presumed to be prospective in its operation unless expressly made retrospective."); *New Par v. Pub. Util. Comm. of Ohio*, 98 Ohio St. 3d 277, 2002-Ohio-7245, 781 N.E.2d 1008, at ¶ 12 (Ohio 2002) (applying Ohio Rev. Code § 1.48 to statutory amendments). Nor did the General Assembly expressly indicate that the amendment was to apply to cases *pending* on or after the effective date of the amendment. *See Longbottom v. Mercy Hosp. Clermont*, 137 Ohio St. 3d 103, 2013-Ohio-4068, 998 N.E.2d 419, at ¶¶ 19, 20 (Ohio 2013).

State Farm filed this declaratory judgment action on November 25, 2020, prior to (but pending on) the December 16, 2020-effective date of the amendment. The parties (and the undersigned) agree that the prior version of Ohio Rev. Code § 2307.382 applies. *Cf.* (Doc. 4 PAGEID 84–85) *with* (Doc. 8 PAGEID 114) *with* (Doc. 10 PAGEID 138).

*alia*, *Brunner v. Hampson*, 441 F.3d 457, 467 (6th Cir. 2006) (holding that a due process analysis is unnecessary when a plaintiff cannot show jurisdiction under the Ohio long-arm statute)).

**Personal Jurisdiction is Lacking under (the applicable prior version of) Ohio Rev. Code § 2307.382.** In pertinent part, Ohio Rev. Code § 2307.382(A) provides, "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state; . . . (9) Contracting to insure any person, property, or risk located within this state at the time of contracting." Defendants maintain that Mrs. Guigui has not engaged in any conduct that would satisfy either of these bases. State Farm counters that, as corporate secretary of Ohio Feather Company, she has been "transacting" business[13] since 1986.[14] (Doc. 8 PAGEID 114–17). State Farm also contends that, by definition, Mrs. Guigui is a "named insured" under the BMW policy issued and thus is a party to the insurance contract into which Mr. Guigui "doing business as" Ohio Feather Company entered. (*Id.*). Neither argument has merit.

**Contracting.** A simple review of the policy terms invalidates State Farm's claim that Mrs. Guigui is also a "named insured" because she and Mr. Guigui are married. (*See* Doc. 8 PAGEID 111–12 & Doc. 1-1 PAGEID 19 ("**You** or **Your** means the named insured or named insureds shown on the Declarations Page. If a named insured shown

---

[13] "The word [transact] embraces in its meaning the carrying on or prosecution of business negotiations but it is a broader term than the word 'contract'." *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 75, 559 N.E.2d 477, 480 (Ohio 1990) (emphasis removed).

[14] Articles of Incorporation were filed for Ohio Feather Company, Incorporated on April 22, 1986. *See* https://bizimage.ohiosos.gov/api/image/pdf/F874_0652 (last visited 12/28/2021); *see generally* (Doc. 1, Complaint (¶ 4)).

9

on the Declarations Page is a **person**, then *'you'* or *'your'* includes the spouse of the first **person** shown as a named insured if the spouse resides primarily with that named insured.") (emphasis in original)). The applicable Business Endorsements to the policy change—and limit—the definition of *"You"* and *"Your"* to mean "the named insured or named insureds shown on the Declarations Page." (Doc. 1-1 PAGEID 49 (emphasis in original)). The named insured's "spouse" obviously has been removed.

Further, as Defendants correctly point out, only the *policyholder* is a party to an insurance contract, although the policyholder and the named insured can be one in the same. See *Westfield Ins. Co. v. Galatis*, 100 Ohio St. 3d 216, 2003-Ohio-5849, 797 N.E.2d 1356, at ¶ 35 (Ohio 2003) ("An insured can be the policyholder or another who is entitled to insurance coverage under the terms of the policy. When a court decides whether a claimant is insured under a policy, ambiguities are construed in favor of the *policyholder* [the nondrafting party to the contract], not the claimant.") (emphasis in original) (citation omitted); *Drake-Lassie v. State Farm Mut. Auto. Ins. Cos.*, No. 00AP-841, 2000 WL 1847828, at *2 (Ohio Ct. App. 10th Dist. Dec. 19, 2000) (parties to an insurance contract are "the insurance company" and "the policyholder"). Ohio Feather Company (and arguably Mr. Guigui) are the policyholders, the parties to the contract with State Farm. Mrs. Guigui is not, however. Accordingly, she is not subject to personal jurisdiction under § 2307.382(A)(9).

**Transacting Business.** Nor is Mrs. Guigui subject to personal jurisdiction under § 2307.382(A)(1). She describes her title as "largely an honorary one" with limited responsibility. (Regina Guigui Decl., Doc. 4-1 (¶ 15)). In her role as corporate secretary, Mrs. Guigui attends the annual meeting, which is held at her dining room

table in South Carolina; she then signs the minutes of that meeting, which are drafted by her adult daughter—Maya Gabriel—who "has been the one running Ohio Feather Company for years now."  (*Id.* (¶¶ 14–17)).  Mrs. Guigui performs "no tasks for Ohio Feather Company from within the State of Ohio."  (*Id.* (¶ 19)).

To be sure, the Court cannot assume personal jurisdiction over Mrs. Guigui just because she serves as Ohio Feather Company's corporate secretary.  *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 928 (6th Cir. 1974) ("It is settled that jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation.").  Yet "the mere fact that the actions connecting defendants to the state were undertaken in an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants."  *Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 698 (6th Cir. 2000) (emphasis added).

State Farm spotlights Mr. Guigui's role (as company president) in procuring, and thereafter renewing, the BMW policy.  But Mrs. Guigui (as corporate secretary) denies participation in this process[15] and no authority supports conflating the activities of Mr. Guigui and Mrs. Guigui in their respective corporate capacities.  Moreover, as the Court has explained, Mrs. Guigui was not then—and is not now—a party to this insurance contract, regardless of being listed in the renewals as the BMW's "principal driver."  For this Court to exercise personal jurisdiction over Mrs. Guigui in her corporate capacity, she at least must have been "actively and personally involved in the conduct giving rise to the claim[.]"  *Id.* (citations omitted).  Unfortunately for State Farm, the Court finds

---

[15] (Regina Guigui Decl., Doc. 4-1 (¶¶ 9, 12)).

nothing in the pleadings or affidavits from which it can favorably infer that Mrs. Guigui's claim for UIM proceeds somehow "aris[es] from" her token duties as Ohio Feather Company's corporate secretary. See *CompuServe*, 89 F.3d at 1262.[16]

The finding as to personal jurisdiction (under subsection (A)(1)) in *Javitch v. Neuma, Inc.*, No. 3:04 CV 1487, 2006 WL 240580 (N.D. Ohio Jan. 31, 2006) does not recommend a different result. There the court found that the non-resident defendants, a viatical settlement broker and its company president, transacted business in Ohio based on the business negotiations in which they engaged. *Id.* at *3 (quoting *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 75, 559 N.E.2d 477, 480 (Ohio 1990), *cert. denied*, 499 U.S. 975 (1991)). "Given the broad definition of transacting business, the direction of documents [*i.e.*, the viators' medical records] to Ohio] for the purpose of a business decision and the ultimate payment of $143,678.21 for four life insurance policies, despite the fact that Defendants did not physically have a presence in the forum state, this Court concludes they transacted business under the § 2307.382(A)(1)." *Id.* at *3. Here, as discussed, State Farm points to no overt action on the part of Mrs. Guigui. Its citation to *Javitch*, therefore, is misplaced.

---

[16] In support of "transacting business" in Ohio, State Farm plays up Mrs. Guigui's testimony that Ohio Feather Company is an "S Corporation" for federal tax purposes. (Doc. 116 PAGEID 110, 113, 116, 117; see Regina Guigui Decl., Doc. 4-1 (¶ 6)). "S corporations are corporations that elect to pass corporate income, losses, deductions, and credits through to their shareholders for federal tax purposes. Shareholders of S corporations report the flow-through of income and losses on their personal tax returns and are assessed tax at their individual income tax rates. This allows S corporations to avoid double taxation on the corporate income. . . ." https://www.irs.gov/businesses/small-businesses-self-employed/s-corporations (last visited 12/28/2021). State Farm cites no Ohio authority in support in support of this argument, however, and otherwise fails to develop it.

Having concluded that it does not have personal jurisdiction over Mrs. Guigui under either subsection (A)(1) or (A)(9) of Ohio's long-arm statute, the Court need not engage in a Due Process Clause analysis. *Conn*, 667 F.3d at 711–12.

### III. CONCLUSION

Because the Court finds that it lacks specific personal jurisdiction over Defendant Regina Guigui,[17] her Rule 12(b)(2) Motion to Dismiss is hereby **GRANTED**. Because Plaintiff State Farm Mutual Automobile Insurance Company does not contest remaining Defendants Ohio Feather Company and Gabriel Guigui's assertion that Mrs. Guigui is an indispensable party to this civil action pursuant to Rule 19,[18] their Rule 12(b)(7) Motion to Dismiss is likewise **GRANTED**. The Motion to Dismiss (Doc. 4), therefore, is **GRANTED** as to all Defendants. Accordingly, Plaintiff State Farm's Complaint for Declaratory Judgment (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.[19]

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[17] This finding moots Defendants' alternative motion, because a transfer of venue under 28 U.S.C. § 1404(a) "may not be granted when the district court does not have personal jurisdiction over the defendants." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (citing *Martin*, 623 F.2d at 474).

[18] (*See* Doc. 10 PAGEID 143).

[19] *See Intera Corp. v. Henderson*, 428 F.3d 605, 620–21 (6th Cir. 2005).